IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 12 PM 5: 35

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| OLIVIA SHEPARD HAYES, JANICE HAYES, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 05-2019 Ma/V |
| HOME TECH SERVICES CO., INC., et al., | ) ) ) ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR PROTECTIVE ORDER

Before the court is the June 20, 2005 motion of the plaintiffs, Olivia Shepard Hayes and Janice Hayes, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for a protective order relieving them from the obligation to respond to two hundred and fifty (250) requests for admissions by the defendant, Novastar Mortgage, Inc. The motion has been referred to the United States Magistrate Judge for determination. For the following reasons, the motion is denied, without prejudice.

With its motion, the plaintiffs filed a certificate of consultation with counsel for the opposing party as required by Local Rule 7.2 (a)(1)(B). A motion must be accompanied by a certification that, after consultation between the parties, they are unable to reach an accord as to all issues. The plaintiffs'

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-14-05

attorney in this case certified that she conferred in good faith with the other affected parties in an effort to resolve the dispute without court action but opposing counsel objected to the motion for protective order.

The defendants maintain that when plaintiff's counsel telephoned to discuss the present motion, she announced that the plaintiffs would seek a protective order rather than attempting to resolve the dispute. During the conversation, defendants' counsel asked plaintiffs' counsel to identify a specific discovery request for which the plaintiffs would seek a protective order, but the plaintiffs' attorney refused to do so. Had the plaintiffs' attorney responded to this inquiry, it is likely that the issue could have been resolved prior to filing of this motion.

The court finds that the plaintiffs have not adequately consulted with the defendants' counsel prior to the filing of the motion for protective order. Furthermore, it is apparent that a portion of discovery dispute, if not the entire dispute, could have been resolved before the filing of this motion had the plaintiffs' counsel responded to the defendants' inquiry. Consequently, Olivia Shepard Hayes and Janice Hayes motion for protective order is denied, without prejudice, for failure to adequately comply with Local Rule 7.2(a)(1)(B).

If the plaintiffs decide to renew their motion, after properly

2

satisfying the consultation requirement, they are reminded that a motion for protective order should be supported by specifics rather than overly broad conclusory statements. *In re Terra Int'l., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The present motion does not contain any specifics. The plaintiffs do not identify a single request that is over-broad or that indicates that the defendants have abused the discovery process.

Although the court has decided at this time to deny the plaintiffs' motion, the defendants are reminded that "[a]dmissions sought under Rule 36 are time-saving devices, designed to narrow the particular issues for trial." *Honeycutt v. First Federal Bank*, 2003 WL 1054235, at *1 (W.D. Tenn. 2003). "A request for admissions 'should be confined to facts that are not in material dispute." *Id.* (quoting *United States v. Watchmakers of Switzerland Info. Cent., Inc.*, 25 F.R.D. 197, 201 (S.D.N.Y. 1959). "Generally, the statements posed by the party seeking their admission should be 'capable of an anser by a yes or no.'" *Honeycutt*, 2003 WL 1054235, at *1 (quoting *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (D. Pa. 1960). "Statements that are vague, or statements susceptible of more than one interpretation, defeat the goals of Rule 36 and are properly objectionable." *Id.* at *1. With this in mind, the defendants' requests for two hundred and fifty admissions appears to be unduly burdensome and not designed to narrow the particular

3

issues for trial.

Accordingly, the motion for protective order is denied, without prejudice.

IT IS SO ORDERED this 11th day of July, 2005.

*[signature]*

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 48 in case 2:05-CV-02019 was distributed by fax, mail, or direct printing on July 14, 2005 to the parties listed.

---

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

R. Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Margaret R. Barr-Myers
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Honorable Samuel Mays
US DISTRICT COURT